Brian S. King, #4610
**BRIAN S. KING, PC**
336 South 300 East, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRENT S. and ANGIE S., individually and as representatives of the class of similarly situated individuals , <br><br>             Plaintiffs,<br>vs.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS,<br><br>             Defendants. | Civil No. 2:17-cv-00402 EJF <br><br> COMPLAINT and proposed CLASS ACTION |

Brent S. ("Brent") and Angie S. ("Angie"), individually and as representatives of the class of similarly situated individuals and through their undersigned counsel, complain and allege against Defendant Blue Cross Blue Shield of Massachusetts ("BCBSM") as follows:

**NATURE OF THE CASE**

1. This proposed class action seeks correction of BCBSM's systematic, erroneous exclusion of coverage for a variety of mental health treatments based on contradictory, arbitrary, or ambiguous language found in BCBSM insured or administered employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

//

## PARTIES, JURISDICTION & VENUE

1. Brent and Angie are natural persons residing in Douglas County, Colorado. They are covered by a self-funded group health benefits plan ("the Plan") provided through Brent's employer, Nuance, Inc. ("Nuance"). The Plan is administered by BCBSM.

2. Brent and Angie's son, Jake, received treatment for his mental health conditions at Ashcreek Ranch Academy ("ARA"), a licensed residential treatment program in Washington County, Utah from March 13, 2014 through January 24, 2015.

3. BCBSM is part of a nationwide group of affiliated insurance companies, the "Blue Cross Blue Shield Association," and does business in the State of Utah. Nuance, the Plan sponsor, is a multinational technology company with locations throughout the United States and around the world.

4. Plaintiffs and the similarly situated class members each received mental health benefits through health plans insured and administered by BCBSM.

5. For Plaintiffs and each similarly situated class member, BCBSM denied coverage for mental health treatment based on the application of contradictory or ambiguous mental health and substance abuse treatment provisions in BCBSM's policies:

    > This health plan covers *medically necessary* services to diagnose and/or treat **mental conditions**.
    > . . .
    > **No benefits** are provided for: psychiatric services for a condition that is not a *mental condition;* residential or other care that is *custodial care*; and services and or programs that are not *medically necessary* to treat your *mental condition*. **Some examples of services and programs that are not covered by this health plan are: services that are performed in educational, vocational, or recreational settings; and "outward bound-type," "wilderness," "camp," or "ranch" programs**. These types of non-covered programs may be in residential or nonresidential settings. They may include therapeutic elements and/or clinical staff services as well as vocational, educational, problem solving, and/or recreational activities. These programs may have educational accreditation. The staff may include some licensed mental health providers who may provide some

> therapy.  No benefits are provided for any services furnished along with one of these non-covered programs.  For example, no benefits are provided for therapy and/or psychotherapy furnished along with one of these non-covered programs (bolding added).

This exclusion is referred to as the "Mental Treatment Exclusion" in this Complaint.

6. The health plans administered and insured by BCBSM that are the subject of this lawsuit, including the Plan covering the Plaintiffs, are provided through employer sponsored welfare benefit plans that are governed by ERISA, 29 U.S.C. § 100,1 *et. seq.*

7. This Court has jurisdiction over this matter under 29 U.S.C. §1132(e)(1) and 29 U.S.C.§ 1331.

8. Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because BCBSM does business in the State of Utah and because Jake's treatment was provided in Utah.

9. The remedies the Plaintiffs seek for themselves and the members of the proposed class under the terms of ERISA, the requirements of the Mental Health Parity and Addiction Equity Act ("the MHPAEA"), and the employee benefit plans BCBSM administers and/or insures are for correction of BCBSM's contradictory, arbitrary, or ambiguous Plan terms which form the basis for improper denials of coverage for the Plaintiffs and all similarly situated individuals, for appropriate equitable relief, and for payment of prejudgment interest and an award of attorney fees under 29 U.S.C. §1132(g).

## BACKGROUND FACTS

10. BCBSM provides group health insurance coverage and acts as an administrator of health benefit plans for thousands of employers across the country. BCBSM is one of the largest health insurers in country.

11. Each of the insurance policies or medical plans at issue in this case provides coverage for mental health care as outlined in the insurance policy or plan documents.

12. Claims for coverage of mental health care are insured or administered by BCBSM.

13. When individuals request coverage for mental health treatment under a BCBSM insurance policy or health benefits plan, claims are submitted to BCBSM for processing and payment or denial.

14. BCBSM systematically denies coverage for mental health treatment provided through various programs based on the language of the Mental Treatment Exclusion in paragraph 5, *supra*. That language is found in many, if not all, of the BCBSMA insured and administered policies and plan documents.

15. As a result of BCBSM's errors in evaluating coverage and payment for patients' medically necessary mental health care based on the name of the facility or setting where the treatment is provided, BCBSM systematically and improperly denies requests for authorization and payment of mental health care claims submitted to it by patients and their providers.

16. This case seeks correction of BCBSM's systematic misuse and misapplication of the Mental Treatment Exclusion for treatment provided to Jake and all similarly situated individuals for whom coverage for mental health treatment has been improperly denied.

**DEFINITION OF THE PROPOSED CLASS**

17. The proposed class is composed of the individuals covered by ERISA governed BCBSM insurance policies or BCBSM-administered health benefit plans whose claims for authorization and payment of mental health services have been wrongfully denied based on BCBSM's systematic and erroneous application of the Mental Treatment Exclusion based on the name of the program or the setting in which the treatment is provided.

**FACTS RELATING TO THE INDIVIDUAL CLASS REPRESENTATIVES**

**Claims and Appeals for Treatment Provided to Jake**

18. Claims were submitted to BCBSM for coverage of Jake's treatment at ARA.

19. BCBSM wrote in a letter dated February 25, 2015:

    We have received a request for coverage for a ranch program from Ashcreek Ranch Academy on January 23, 2015.  You have asked us to provide benefits for the services of a ranch program, which is a type of provider that is not included in your contract.  Your plan does not cover the services of this provider whether or not they are medically necessary.

20. Brent appealed the denial of coverage on April 15, 2015.  In his letter, Brent stated that intermediate inpatient care for medically necessary mental health treatment is a covered benefit under the terms of the Plan and is required under the terms of the MHPAEA.

21. Brent asserted that the failure to cover Jake's medically necessary mental health care at ARA violated the MHPAEA, ERISA, and the terms of the Plan.  He also discussed the Final Rules applicable to the MHPAEA, issued November 13, 2013, and their applicability to Jake's claims.

22. BCBSM maintained its denial on May 14, 2015.  In this denial, BCBSM asserted that the claim was not eligible for coverage because "Ashcreek Ranch Academy is a residential treatment and boarding school."  BCBSM then cited the Mental Treatment Exclusion and concluded "[w]e are not questioning the medical necessity of the service or making a medical judgment."

23. On July 9, 2015, Brent appealed a second time but sent his appeal directly to Nuance.  Brent requested a "plan administrator review" of BCBSM's denial of coverage for Jake's treatment.  Brent again argued that 1) the denial was contradictory to the provisions of the Plan to cover inpatient and intermediate treatment of mental health and substance abuse conditions; and 2) the denial was a violation of the MHPAEA.

24. Brent argued that BCBSM's insistence that ARA was a "ranch program" and then its statement that ARA was "a residential treatment and boarding school" were both incorrect. ARA is licensed in the State of Utah as an inpatient residential treatment facility -- not as a "ranch program" or boarding school.

25. Nuance did not respond to Brent's appeal until July 28, 2016, over a year later. Nuance stated that BCBSM had been delegated "full discretionary authority to review and decide claims for benefits under the Plan" and that BCBSM's decisions were not subject to review by Nuance. However, the letter stated that inquiries had been made to ensure that the coverage provisions were consistent with the requirements of the MPHAEA and that both Nuance and BCBSM believed they were met.

## CLASS CLAIMS

26. BCBSM provides insurance and third party administrative services for individuals who have received, or requested authorization to receive, mental health services for which BCBSM pays, or authorizes payment of, benefits.

27. BCBSM has an obligation to comply with the requirements of ERISA in drafting plan documents and summary plan descriptions that provide unambiguous notice to plan participants of their rights and obligations under the relevant plan and that are written in a manner calculated to be understood by the average plan participant.

28. BCBSM also has an obligation to accurately and consistently assess the mental health claims presented to it and to provide coverage for all generally accepted levels of mental health care, including treatment provided in settings like Jake's treatment at ARA.

29. BCBSM has drafted the language of its insurance policies and plan terms of ERISA documents for plans for which it provides administrative services in a way that violates

ERISA's notice and disclosure requirements because the language of the Mental Treatment Exclusion is contradictory, arbitrary and ambiguous.

30. BCBSM has systematically misinterpreted and misapplied the terms of the Mental Treatment Exclusion to improperly deny coverage for mental health treatment on the basis that the treatment is in the wrong setting or the treatment program has the wrong name.

31. BCBSM has systematically ignored information provided to it by participants and beneficiaries and their health care providers demonstrating that treatment provided through various programs for which BCBSM regularly denies coverage under the Mental Treatment Exclusion falls within generally accepted medical practices for the treatment of mental health disorders. This action on the part of BCBSM violates ERISA's claim processing requirements and regulations requiring that they provide claimants and full and fair review of denied claims.

32. As a result of these actions, BCBSM routinely and improperly denies coverage for medically necessary mental health treatment for individuals covered under BCBSM insured or administered plans.

33. BCBSM's unjustified denial of medically necessary mental health treatment improperly saves itself, or the self-funded plan for which it provides administrative services, money at the expense of the medical needs and financial interests of ERISA plan participants and their beneficiaries and, as such, is a breach BCBSM's fiduciary duty to the plan participants.

34. Many other claimants, like Brent and Angie, have had mental health treatment claims improperly denied by BCBSM based on the Mental Treatment Exclusion.

35. The number of individuals who are covered by BCBSM insured or administered plans is so numerous that joinder of each of the individuals as a plaintiff is impractical in this case.

36. There are questions of law and fact that are common to all these individuals whose ERISA plans are administered or insured by BCBSM.

37. The claims of the named class representatives, as set forth above, are typical of the members of the proposed class.

38. The named representatives of the proposed class will fairly and adequately protect the interest of the proposed class and Plaintiffs' counsel has adequate experience and background to represent the proposed class.

39. Prosecution of separate actions of all the individual members of the proposed class would create a risk of inconsistent and varying adjudication with respect to the individuals that would result in incompatible standards of conduct for BCBSM.

40. The proposed class representatives have exhausted all pre-litigation appeal obligations before filing this lawsuit.

41. BCBSM has acted on grounds generally applicable to the proposed class, making relief under ERISA for recovery of wrongly denied benefits and equitable relief appropriate with respect to the proposed class as a whole.

## FIRST CAUSE OF ACTION

**(Claim for Benefits under 29 U.S.C. §1132(a)(1)(B))**

1. BCBSM's actions in refusing to provide coverage for medically necessary mental health treatment through the misinterpretation and misapplication of the Mental Treatment Exclusion violate the terms of the benefit plans or insurance policies

       for which they provide administrative services or insurance, as well as the terms of ERISA and the MHPAEA.

2. BCBSM's actions have caused damage to the Plaintiffs and to the members of the proposed class because BCBSM has systematically denied coverage for mental health treatment that should be covered under the terms of the Plan, under the terms of ERISA, and under the terms of the MHPAEA, for which BCBSM wrongly asserts the Plaintiffs and members of the class are not eligible for coverage.

3. As a result of BCBSM's failure to provide coverage for mental health treatment as required by the terms of the plans, the requirements of ERISA, and the requirements of the MHPAEA, BCBSM has wrongly denied payment for mental health treatment the Plaintiffs and members of the proposed class have received.

4. The Plaintiffs and the proposed class members are entitled to payment for the expenses arising out of mental health treatment for which coverage was improperly denied by BCBSM's improper interpretation and application of the Mental Treatment Exclusion together with an award of pre and post-judgment interest and attorney fees and costs incurred.

## SECOND CAUSE OF ACTION

**(Claim for Appropriate Equitable Relief under 29 U.S.C. §1132(a)(3))**

1. Plaintiffs and the proposed class members seek appropriate equitable relief under 29 U.S.C. §1132(a)(3) for the violation by BCBSM of ERISA's notice and disclosure requirements in drafting plan documents and summary plan descriptions that do not satisfy the requirements of 29 U.S.C. §§ 1021, 1022 and 1024, as well as for the

violations by BCBSM of ERISA's claim procedure requirements, 29 U.S.C. 1133, and claim procedure regulations, 29 C.F.R. §2560.503-1, that BCBSM's application of the Mental Treatment Exclusion is improper, does not comply with the requirements of ERISA, and does not comply with the requirements of the MHPAEA.

2. The failures of BCBSM to comply with ERISA's notice and disclosure requirements, ERISA's statutory claim procedure requirements, and ERISA's claim procedure regulations, together with BCBSM's failures to discharge its duties with respect to the ERISA plans it administers and insures in the interest of participants and beneficiaries and for the exclusive purpose of providing them benefits, are also breaches of fiduciary duty in violation of 29 U.S.C. §1104(a)(1)(A).

3. Plaintiffs and the proposed class members seek this Court's order that they are entitled to appropriate equitable relief under 29 U.S.C. §1132(a)(3), including, but not limited to, surcharge, restitution, reformation, estoppel, and a declaration that the manner in which the Mental Treatment Exclusion has been drafted, interpreted, and applied to deny mental health treatment for the Plaintiffs and the members of the proposed class violates the statutory and regulatory requirements of ERISA, the MHPAEA, and the terms of the Plan.

4. Plaintiffs and the proposed class members also seek this Court's order enjoining BCBSM's application of the Mental Treatment Exclusion in a manner that bars coverage for mental health treatment based solely on the name of the facility or the setting in which the treatment is provided and further request an order directing BCBSM to remedy past and prospective failures to properly evaluate and provided coverage for mental health treatment.

5. Plaintiffs and the proposed class members also request an award of pre and post-judgment interest and an award of attorney fees and costs.

WHEREFORE, Plaintiffs pray for judgment against BCBSM as follows:

1. For an Order certifying the proposed class under Fed. R. Civ. P. 23;

2. For judgment in the amount of the unpaid expenses arising out of the mental health therapy provided to the named patient in this case at ARA, together with an award of pre and post-judgment interest and an award of attorney fees and costs;

3. For an order under 29 U.S.C. §1132(a)(1)(B) requiring payment of all mental health treatment expenses incurred by the proposed class members which have been wrongly denied due to BCBSM's systematic application of the Mental Treatment Exclusion to deny mental health claims;

4. For appropriate equitable relief under 29 U.S.C. 1132(a)(3) arising out of BCBSM's various statutory and regulatory violations and breaches of fiduciary duty including, but not limited to, surcharge, restitution, reformation, estoppel, declaratory, and injunctive relief.

5. For an award of pre and post-judgment interest on past due benefits to which the proposed class members are entitled and for an award of attorney fees and costs based on the award of remedies to the proposed class members.

6. For such further relief as the Court deems equitable in the case.

DATED this 12th day of May, 2017.

                                              s/ Brian S. King
                                                Brian S. King

Plaintiffs' Address:

Douglas County, Colorado