UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENT S., and ANGIE S., individually and on behalf of all others similarly situated,  )<br><br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>BLUE CROSS AND BLUE SHIELD  )<br>OF MASSACHUSETTS, INC.,  )<br>)<br>Defendant.  )  | CIVIL ACTION<br>NO. 1:17-cv-11569-ADB |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Brent S. ("Brent"), and Angie S. ("Angie") (collectively "Plaintiffs"), individually and as representatives of the class of similarly situated individuals, complain and allege against Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA" or "Defendant") as follows:

## NATURE OF THE CASE

1. BCBSMA systematically denies payment of claims for adolescents' residential treatment of mental health disorders because part of those treatment services involves an educational component during the course of treatment.[1] These denials are wrongful.

2. There is no dispute that residential treatment is covered by BCBSMA's health insurance policies.

---

[1] The term "adolescent" used throughout this First Amended Class Action Complaint means any insured under the age of 19 years.

3.      BCBSMA denies claims for mental health residential treatment when there is an educational component to the treatment, citing exclusionary language in the policies.

4.      However, BCBSMA ignores policy language that allows for an exception to this alleged exclusion when the treatment is received by an adolescent. The obvious intent of this adolescent exception to the exclusion is that high school aged insureds need to continue with their schooling during long-term mental health residential treatment stays.

5.      Residential treatment is commonly provided to adolescents. The average length of stay for adolescents receiving treatment at residential treatment centers is seven to ten months. Many residential treatment facilities, including the one providing the treatment in this case, are designed and licensed specifically to provide treatment to minors in their teens. Generally accepted standards of mental health care require that residential treatment for adolescents include appropriate educational services.

6.       Because of this need to keep young insureds on track with their schooling, BCBSMA provided an exception in their health insurance policy that allows for insureds under the age of 19 to receive residential treatment in a setting that also has an educational component. However as discussed in detail below, BCBSMA disregards this adolescent exception to the alleged educational exclusion and denies claims that should be paid.

7.      BCBSMA is one of the largest health insurers in the country. It provides group health insurance coverage and acts as an administrator of health insurance policies for thousands of insureds.

8.      BCBSMA is required under the Employee Retirement Income Security Act of 1974 ("ERISA") to administer welfare benefit plans solely in the interest of the participants and

beneficiaries, for the exclusive purpose of providing benefits and in accordance with the instruments that govern its health insurance policies.

9. This case seeks to correct impermissible denial of services made by BCBSMA for treatment provided to Plaintiffs' son Jake S. ("Jake") and all similarly situated adolescents for whom coverage for mental health disorders in a residential treatment setting has been denied based on the alleged educational component exclusion.

## PARTIES

10. Plaintiffs Brent and Angie are individuals residing in Douglas County, Colorado. Brent, Angie and their son Jake are covered by a BCBSMA ERISA governed health insurance policy provided by Brent's private sector employer.

11. Defendant BCBSMA is a health insurer headquartered in Massachusetts, is a citizen of Massachusetts, and administers ERISA governed health insurance policies in Massachusetts.

## JURISDICTION & VENUE

12. The BCBSMA health insurance policies that are the subject of this lawsuit are provided through employer sponsored welfare benefit plans that are governed by ERISA, 29 U.S.C. § 1001, *et. seq.*

13. At all relevant times, BCBSMA acted as a fiduciary, as that term is defined at 29 U.S.C. § 1002(21), for the ERISA plans subject to this lawsuit.

14. This Court has jurisdiction over this matter under 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331.

15. Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) and (c) because BCBSMA is headquartered in Massachusetts, is a citizen of Massachusetts, and administers ERISA welfare benefit plans in Massachusetts.

## **RELEVANT LANGUAGE IN THE BCBSMA ERISA GOVERNED HEALTH INSURANCE POLICIES**

16. For Brent, Angie, Jake and each class member, the relevant language in their BCBSMA ERISA governed health insurance policies are either identical or substantially similar.

17. There is no dispute that the BCBSMA policies cover mental health residential treatment.

18. BCBSMA alleges that the policies exclude mental health residential treatment services that have an educational component and cite the following language in support:

> Some examples of services and programs that are not covered by this health plan are: services that are performed in educational…settings[.]… These types of non-covered programs may be in residential or nonresidential settings. They may include therapeutic elements and/or clinical staff services as well as vocational, educational, problem solving, and/or recreational activities.  These programs may have educational accreditation. The staff may include some licensed mental health providers who may provide some therapy. No benefits are provided for any services furnished along with one of these non-covered programs. For example, no benefits are provided for therapy and/or psychotherapy furnished along with one of these non-covered programs.

19. The dispute here is whether the following provision common to all class policies allows for the coverage of mental health residential treatment that has an educational component *when the treatment is for an adolescent*:

> No benefits are provided for exams, evaluations, *or services that are performed solely for educational* or developmental *purposes*. *The only exceptions are for…treatment of mental conditions for enrolled dependents who are under age 19*[.] (emphasis added).

## **FACTUAL ALLEGATIONS**

20. BCBSMA is one of the largest health insurers in the country, providing coverage and administering health insurance plans for millions of employees and their dependents.

21. The claims for coverage of adolescent mental health residential treatment in this lawsuit are under BCBSMA ERISA governed health insurance policies.

22. BCBSMA argues that the language of the policy quoted above excludes coverage for mental health residential treatment that has an educational component.

23. BCBSMA makes no attempt to evaluate, on an individual patient basis, the merits of a claim for residential treatment that has an educational component, even for adolescents' claims, and instead denies the claim outright. This was the experience of Jake, and all similarly situated class members.

24. Jake, received treatment for his mental health conditions at Ashcreek Ranch Academy ("ARA"), a licensed residential treatment program in Washington County, Utah from March 13, 2014 through January 24, 2015. During this 10 month time period, Jake was 17 years old.

25. Jake struggled with mental health problems involving suicidal thoughts, self-esteem, and substance abuse for several years before being admitted to ARA.

26. Jake began smoking marijuana when he was thirteen. In the months before his admission to ARA, Jake had progressed to using various pills, cocaine, and heroin. He was depressed and ashamed about his behavior and the problems he was causing friends and family. He was prescribed with an anti-depressant and, later, a mood stabilizer.

27. Before his admission to ARA, Jake had been involved in a number of physical assaults with others, including with Brent. He had also been brought into the juvenile justice system based on substance abuse and his assaults.

28. Jake ran away from home during this time frame. After three days he contacted his mother and told her he was OK and came home a day later.

29. Several months before being admitted to ARA Jake had been ordered by a juvenile court judge to receive mental health treatment for his substance abuse. He did well in rehabilitation for four months but then, immediately before his admission to ARA, relapsed and began using drugs again. Given the continuing deterioration, Brent and Angie, in consultation with and recommendations from Jake's health providers, arranged for treatment at ARA.

30. Immediately before Jake's admission to ARA, he had been treated on an acute inpatient basis at Mountain Crest Behavioral Health Center ("MCBHC") in Fort Collins.

31. At the time of his discharge from MCBHC, Brent and Angie felt they had no ability to keep Jake from running away and either committing suicide or self-harming unless he was transferred directly to a sub-acute inpatient residential treatment setting. Health care professionals involved with Jake's treatment at MCBHC recommended residential treatment for Jake to treat his mental health conditions. Brent drove Jake directly to ARA from MCBHC in March, 2014.

32. Jake was 17 years old at the time of his admission to ARA.

33. ARA was licensed with the Utah State Department of Human Services to provide residential treatment for adolescents during the entire time Jake was treated at ARA. Copies of ARA's licenses during the time Jake was treated were provided to BCBSMA by both Brent and Angie and ARA during the pre-litigation appeal process for this case. ARA's licensure and the services it provided to its patients fall within the coverage provisions of Jake's health insurance policy, specifically, the adolescent exception to the alleged educational component exclusion.

34.     Authorization was requested for coverage of Jake's treatment at ARA. In addition, claims were submitted to BCBSMA for coverage of Jake's treatment at ARA.

35.     On February 25, 2015, BCBSMA denied Jake's claim for coverage of his treatment ARA.

36.     Brent appealed the denial of coverage on April 15, 2015.

37.     BCBSMA again denied Jake's claim on May 14, 2015.  In this denial, BCBSMA asserted that the sole basis for the claim denial was because "Ashcreek Ranch Academy is a residential treatment [sic] and boarding school. Ashcreek Ranch Academy is not a covered type of provider on your . . . Plan." BCBSMA then quoted the policy language referencing the alleged coverage limitation for mental health services performed with an educational component and concluded "[w]e are not questioning the medical necessity of the service or making a medical judgment."

38.     Plaintiffs have exhausted their ERISA pre-litigation appeal obligations before filing this action. Plaintiffs have paid out of pocket for Jake's treatment at ARA and BCBSMA has paid nothing.

## **CLASS ALLEGATIONS**

39. BCBSMA's systematic practice of denying coverage for adolescents' mental health residential treatment with an educational component violates the terms of the ERISA governed health insurance policies.

40. As a result of these actions, BCBSMA systematically and improperly denies coverage for mental health treatment in residential treatment facilities for adolescents covered under BCBSMA ERISA governed health insurance policies.

41. BCBSMA's systematic actions in violation of ERISA and the terms of the health insurance policies, as outlined above, are breaches of its fiduciary duties to the participants and their beneficiaries found at 29 U.S.C. §§ 1104(a)(1)(A) and (a)(1)(D).

42. In addition to Jake, on information and belief, more than 100 insured adolescents under BCBSMA ERISA health insurance policies have had mental health residential treatment claims improperly denied based on BCBSMA's failure to apply the adolescent exception to the alleged educational component exclusion. Thousands more adolescents are generally insured under BCBSMA ERISA governed health insurance policies and, absent Court intervention, will face BCBSMA's improper actions if they are to file a claim in the future.

43. Plaintiffs seek certification of the following two classes under F.R.C.P 23(b)(1) and (b)(2):

> **Class I:** All current BCBSMA ERISA governed health insurance beneficiaries under the age of 19 covered by a health insurance policy that contains this same or similar language, "No benefits are provided for exams, evaluations, or services that are performed solely for educational or developmental purposes. The only exceptions are for: …treatment of mental conditions for enrolled dependents who are under age 19[.]"

> **Class II:** All former or current BCBSMA ERISA governed health insurance beneficiaries who are, or were, covered by a health insurance policy that contains the same or similar language, "No benefits are provided for exams, evaluations, or services that are performed solely for educational or developmental purposes. The only exceptions are for: …treatment of mental conditions for enrolled dependents who are under age 19[,]" and who had a claim for mental health residential treatment, while under the age of 19, denied on the basis that the treatment had an educational component and/or was performed in an educational setting.

44. Class I seeks declaratory relief and an injunction preventing BCBSMA from engaging in the complained of conduct from the date of the injunction.

45. Class II seeks declaratory relief and an injunction requiring BCBSMA to reprocess class members' claims in accordance with the terms of their health insurance policies, which allow for an exception to the alleged educational component exclusion when the insured is under the age of 19.

46. The proposed class action is appropriate for certification under F.R.C.P. 23(a)(1), because the tens of thousands of adolescents who are covered by BCBSMA ERISA governed health insurance policies, and the estimated hundred or more who have faced improper denials as alleged herein, is so numerous that joinder of each of the individuals as a plaintiff is impractical.

47. The proposed class action is appropriate for certification under F.R.C.P. 23(a)(2), because there are questions of law or fact that are common to the class, namely, whether BCBSMA's denial of mental health residential treatment claims of adolescents based on the alleged educational component exclusion is correct given the policies' exception for care provided to insureds under 19, as discussed in detail above.

48. Certification of a class action is proper under F.R.C.P. 23(a)(3) because the claims of the Plaintiffs are typical of the members of the proposed class in that the basis for Jake's denial for treatment at ARA was based on the alleged educational component exclusion.

49. The prerequisite for class action certification identified at F.R.C.P. 23(a)(4) is met in this case, because the named representatives of the proposed class will fairly and adequately protect the interest of the proposed class and Plaintiffs' counsel has adequate experience and background in both health insurance litigation and consumer class action litigation to represent the proposed class.

50. Certification of a class action under F.R.C.P. 23(b)(1) is proper, because prosecution of separate actions by all the individual members of the proposed class would create a risk of inconsistent and varying adjudication with respect to the individuals that would result in incompatible standards of conduct for BCBSMA. For example, if one reviewing court were to decide that BCBSMA's use of the alleged educational component exclusion is improper when denying adolescents' mental health residential treatment claims, and a different reviewing court were to decide the opposite, BCBSMA would be facing wholly incompatible standards of conduct when trying to decide an adolescent's mental health residential treatment claim with an educational component.

51. Similarly, certification of a class action under F.R.C.P. 23(b)(1) is also proper, because if this Court were to only issue a decision on the legal issue raised in Jake's claim on an individual basis, it would be dispositive of the interests of the other members not parties to the individual adjudication or would substantially impair or impede their ability to protect their interests since legal precedent would be created on the interpretation of policy language common to all class members.

52. Certification of a class action under F.R.C. P. 23(b)(2) is also appropriate, because BCBSMA's uniform practice of misapplying the alleged educational component exclusion to

mental health residential treatment claims of adolescents applies generally to the class making final injunctive or declaratory relief appropriate respecting the class as a whole.

## FIRST CAUSE OF ACTION

### (Claim for Benefits under 29 U.S.C. §1132(a)(1)(B))

53. BCBSMA's actions in denying coverage for adolescents' mental health care at residential treatment centers that have an educational component violates the express terms of the ERISA governed insurance policies.

54. BCBSMA's actions have harmed Plaintiffs and the classes because BCBSMA has systematically denied coverage for adolescents' mental health care in residential treatment settings that should be covered under the required terms of the ERISA governed health insurance policies subject to this case.

55. As a result of BCBSMA's failure to provide coverage for adolescents' mental health treatment as required by the terms of the relevant ERISA governed health insurance policies, BCBSMA has wrongly denied coverage for Plaintiffs and the classes' adolescent mental health treatment received in a residential setting with an educational component.

56. The Plaintiffs and the classes are entitled to declaratory judgment and an injunction requiring that BCBSMA administer their ERISA governed health insurance policies in compliance with ERISA and the terms of the contracts.

## SECOND CAUSE OF ACTION

### (Claim for Appropriate Equitable Relief under 29 U.S.C. §1132(a)(3))

57. Plaintiffs and the classes are entitled to declaratory judgment and an injunction.

58. Plaintiffs and the class members seek this Court's order that they are entitled to appropriate equitable relief under 29 U.S.C. §1132(a)(3), including injunctive relief prohibiting

past and future violations of ERISA relating to ERISA instruments; reformation of ERISA instruments drafted by BCBSMA to the degree policy language violates ERISA; for the equitable relief of surcharge requiring reprocessing improperly denied residential treatment claims as described above.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of the putative Class I and Class II pray for judgment against BCBSMA as follows:

1. For an Order certifying the proposed classes under F.R.C P. 23(b)(1) and (b)(2);

2. For the relief outlined in the First and Second Causes of Action outlined above;

3. Declaratory relief and an injunction prohibiting BCBSMA from applying the alleged educational component exclusion to adolescents' claims for mental health residential treatment;

4. Declaratory relief and an injunction directing BCBSMA to reprocess all Class II members' mental health residential treatment claims that were denied on the alleged educational component exclusion basis;

5. An award of costs and attorneys' fees available under law or statute including 29 U.S.C. §1132(g).

6. For such further relief as the Court deems equitable in the case.

Dated: November 3, 2017

                                                THE PLAINTIFFS, BY THEIR ATTORNEYS,

*/s/ Brian S. King*
_____
Brian S. King,
Utah Bar No. #4610
Brian S. King, Attorney at Law
336 South 300 East, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

*/s/ Jonathan M. Feigenbaum*
_____
Jonathan M. Feigenbaum
B.B.O. #546686
Law Offices of
Jonathan M. Feigenbaum
184 High Street
Suite 503
Boston, MA 02110
Tel. No. (617) 357-9700
Fax. No. (617) 227-2843
jonathan@erisaattorneys.com

*/s/ Sean K. Collins*
_____
Sean K. Collins
B.B.O. # 687158
Law Offices of Sean K. Collins
184 High Street, Suite 503
Boston, MA 02110
Telephone: 617-320-8485
Fax: 617-227-2843
sean@neinsurancelaw.com