UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENT S. and ANGIE S., individually and as representatives of the class of similarly situated individuals,<br><br>            Plaintiffs,<br><br>    v.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.,<br><br>            Defendant. | CIVIL ACTION<br>NO. 1:17-CV-11569-ADB |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA"), by and through its undersigned counsel, hereby gives notice to the Court of the January 28, 2019 decision of the United States District Court for the Southern District of Ohio, *A.G. by and Through N.G. v. Community Ins. Co.*, 1:18-CV-300, 2019 WL 340471 (S.D. Ohio Jan. 28, 2019), a true and correct copy of which is attached hereto as Exhibit A.  The court granted the defendant's partial motion to dismiss the plaintiff's complaint alleging claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), for plan enforcement, breach of the Mental Health Parity and Addiction Act, and breach of fiduciary duty based on allegations that the defendant improperly withheld benefits for treatment of his child's mental health and/or substance abuse issues, which the defendant denied under a plan exclusion for wilderness camps.

Like the plan at issue in this action, the plan in *A.G.* excluded "outward bound programs" and "[w]ilderness camps." *A.G.*, 2019 WL 340471 at * 2.  The court rejected the plaintiff's argument that "a 'wilderness therapy program,' [is] not a 'wilderness camp' ... [and] that 'wilderness camps' could be understood to refer to such experiential programs such as Outward Bound." *Id*. at *4.  Next, the court held that it "simply cannot find that Anthem's interpretation

1

that Blue Ridge is a wilderness camp, and therefore excluded under the Plan, is arbitrary and capricious. Therefore, Count 1 [for enforcement of the Plan under 29 U.S.C. § 1132(a)(1)(B)] fails as a matter of law and is dismissed." *Id*.

In BCBSMA's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, BCBSMA likewise argues that Plaintiffs have not stated a claim under § 1132(a)(1)(B) because the Recreation Exclusion, which excludes services rendered by a "wilderness" or "ranch" program, expressly excludes the services Plaintiffs' child received at Ashcreek Ranch, and Ashcreek Ranch is not otherwise a licensed mental health or substance abuse residential treatment program.

BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.

By Its Attorneys,

*/s/ Lisa Veasman*
Charles L. Solomont (BBO #557190)
Peter J. Mee (BBO #677081)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110
+1.617.341.7700
carl.solomont@morganlewis.com
peter.mee@morganlewis.com

Molly Moriarty Lane (Admitted *Pro Hac Vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, California 94105-1126
+1.415.442.1000
molly.moriarty@morganlewis.com

Lisa Veasman (Admitted *Pro Hac Vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
+1.213.612.2500
lisa.veasman@morganlewis.com

Dated:  February 5, 2019

**CERTIFICATE OF SERVICE**

    I, Lisa Veasman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 5, 2019.

                                                   /s/ *Lisa Veasman*
                                                   Lisa Veasman

DB2/ 35867945