UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENT S. and ANGIE S., individually and as representatives of the class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, INC.,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 17-cv-11569-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

## **MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Plaintiffs Brent S. and Angie S., individually and as class representatives, (collectively, "Plaintiffs") bring this action against Defendant Blue Cross Blue Shield of Massachusetts, Inc. ("Defendant") to challenge Defendant's denial of claims for residential treatment of mental health disorders in adolescents where part of the treatment services involved an educational component. [ECF No. 41 ("Amended Complaint" or "Am. Compl.") ¶ 1]. The Amended Complaint brings two claims under the Employee Retirement Income Security Act of 1974 ("ERISA"): a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and equitable relief pursuant to 29 U.S.C. § 1132(a)(3). [Id. ¶¶ 53–58]. Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 60]. For the following reasons, Defendant's motion to dismiss [ECF No. 60] is DENIED.

### I.     BACKGROUND

The following facts are drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Wells Fargo

Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). Defendant maintains that their policies exclude mental health residential treatment services that have an educational component based on the following language (the "Recreational Exclusion"):

> Some examples of services and programs that are not covered by this health plan are: services that are performed in educational . . . settings[.] . . . These types of noncovered programs may be in residential or nonresidential settings. They may include therapeutic elements and/or clinical staff services as well as vocational, educational, problem solving, and/or recreational activities. These programs may have educational accreditation. The staff may include some licensed mental health providers who may provide some therapy. No benefits are provided for any services furnished along with one of these non-covered programs. For example, no benefits are provided for therapy and/or psychotherapy furnished along with one of these non-covered programs.

[Am. Compl. ¶ 18]. The policies also contain the following exception: "No benefits are provided for exams, evaluations, or services that are performed solely for educational or developmental purposes. The only exceptions are for . . . treatment of mental conditions for enrolled dependents who are under age 19[.]" [Id. ¶ 19].

Plaintiffs' son, Jake, suffered from mental illness and substance abuse and began receiving treatment for his mental health conditions at Ashcreek Ranch Academy ("Ashcreek Ranch") when he was 17 years old. [Id. ¶¶ 24–32]. Ashcreek Ranch is a licensed residential treatment program in Washington County, Utah. [Id. ¶ 24]. Defendant denied coverage for Jake's treatment at Ashcreek Ranch because it was "a residential treatment [sic] and boarding school" and thus "not a covered type of provider" under Plaintiffs' plan. [Id. ¶ 37]. Plaintiffs exhausted their ERISA pre-litigation appeal options and paid out of pocket for Jake's treatment. [Id. ¶ 38]. Plaintiffs allege that, on information and belief, more than 100 insured adolescents covered by Defendant's policies have had similar claims improperly denied. [Id. ¶ 42].

## II. STANDARD OF REVIEW

To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation omitted). The plaintiff's obligation to articulate the basis of her claims "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## III. DISCUSSION

### A. Count One: Claim for Benefits under 29 U.S.C. § 1132(a)(1)(B)

Count One asserts a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and alleges that Defendant's denial of coverage for Jake's mental health care at Ashcreek Ranch violates the terms of Plaintiffs' ERISA-governed insurance policy.[1] [Am. Compl. ¶¶ 53–56]. Defendant contends that Count One should be dismissed because (i) Plaintiffs do not allege that the room

---

[1] While Plaintiffs plead both individual and class claims, the Court addresses only Plaintiffs' individual claims here because no class has been certified.

and board charges from Ashcreek Ranch qualify for coverage under the plan; (ii) Plaintiffs fail to allege a violation of ERISA based on the denial of benefits because, even in the absence of the Recreational Exclusion, services at Ashcreek Ranch would not have been covered by the plan; and, (iii) Plaintiffs have not sufficiently alleged a breach of fiduciary duty. [ECF No. 61 at 7]. Plaintiffs respond that each of these arguments "is more appropriately raised in a motion for summary judgment under the standards as implemented for ERISA welfare benefits litigation in this Circuit" because "[w]ithout an agreed upon record for the Court to act, dismissal is premature." [ECF No. 67 at 3, 7]. Defendant argues in reply that motions to dismiss "are appropriate, and are often granted, in ERISA welfare-benefit cases" and that an ERISA case does not need to reach summary judgment when a plaintiff "fail[s] to state a plausible claim at the pleading stage." [ECF No. 70 at 6].

Defendant correctly asserts that ERISA welfare-benefit cases are not outside the scope of Rule 12(b)(6). See [id.]; Fed. R. Civ. P. 12(b)(6). The instant case, however, is not analogous to scenarios in which Rule 12(b)(6) motions have been granted in ERISA welfare-benefit cases in this district. See, e.g., Brenner v. Metro. Life Ins. Co., No. 11-cv-12096-GAO, 2013 WL 1337367, at *2 (D. Mass. Mar. 29, 2013) (overruling objection to recommendation to dismiss claim under § 1132(a)(1)(B) because dismissal was proper where claim sought "extra-contractual relief that is unavailable" under the statute); Thiffault v. Butler Home Prod., Inc., No. 05-cv-40011-FDS, 2006 WL 240189, at *2 (D. Mass. Jan. 5, 2006) (granting employer's motion to dismiss § 1132(a)(1)(B) claim because complaint did not allege that employer administered the ERISA plan); Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 99–103 (D. Mass. 2001) (dismissing complaint alleging ERISA claims on the basis of res judicata).

4

Defendant has also provided the Court with supplemental authorities, including a recent similar case from this district, Cotten v. Blue Cross & Blue Shield of Massachusetts HMO Blue, Inc., No. 16-cv-12176-RGS, 2018 WL 6416813 (D. Mass. Dec. 6, 2018). [ECF Nos. 71, 71-1]. The lawsuit in Cotten, brought by parents who enrolled their children in "wilderness therapy programs" to address substance abuse and mental health issues and were denied insurance coverage for these programs, concerned the same Recreational Exclusion as is at issue here. See Cotten, 2018 WL 6416813, at *1; see also [ECF No. 71 at 1]. The plaintiffs in Cotten argued that the wilderness programs were improperly excluded from coverage because they were not "custodial care." Cotten, 2018 WL 6416813, at *2. Judge Stearns disagreed and dismissed the claim under § 1132(a)(1)(B). Id. He reasoned that the insurer's denial was proper because the Recreational Exclusion unambiguously disclaimed coverage for "residential or other care that is *custodial care*," including "wilderness" programs. Id.

The question presented in Cotten, whether "wilderness programs" were covered by the Recreational Exclusion, is different from the question presented here, which requires the Court to dig deeper into whether Ashcreek Ranch qualifies as a covered residential treatment provider or not. This inquiry is not possible without the benefit of a full record, as evidenced by the number of documents submitted by the parties for judicial notice. See, e.g., [ECF No. 62]. This case, like most ERISA welfare-benefit cases, will turn on the specific factual circumstances of the claim, and should be adjudicated on the record compiled before the plan administrator rather than a truncated record of documents that may be susceptible to judicial notice. Cf. Stephanie C. v. Blue Cross Blue Shield of Mass. HMO Blue, Inc., 852 F.3d 105, 110 (1st Cir. 2017) ("ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator." (quoting Denmark v. Liberty Life Assur. Co., 566 F.3d 1, 10 (1st Cir. 2009))).

5

Accordingly, the Court concludes that it cannot adjudicate the § 1132(a)(1)(B) claim on the motion to dismiss record currently before it, and, therefore, denies Defendant's motion to dismiss Count One.

### B. Count Two: Claim for Appropriate Equitable Relief under 29 U.S.C. § 1132(a)(3)

Count Two seeks equitable relief pursuant to 29 U.S.C. § 1132(a)(3), "including injunctive relief prohibiting past and future violations of ERISA relating to ERISA instruments; reformation of ERISA instruments drafted by [Defendant] to the degree policy language violates ERISA; [and] . . . surcharge requiring reprocessing improperly denied residential treatment claims . . . ."[2] [Am. Compl. ¶ 58]. Defendant argues that Plaintiffs' claim for equitable relief pursuant to § 1132(a)(3) must fail because it is duplicative of Count I, which seeks ERISA benefits under § 1132(a)(1)(B). [ECF No. 61 at 21–23]. Plaintiffs assert in response that dismissing Count Two would be premature because it is not yet clear whether they will be able to proceed on their § 1132(a)(1)(B) claim. [ECF No. 67 at 14–15].

As a general rule, where a plaintiff "can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]." See LaRocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002) (rejecting § 1132(a)(3) claim on partial summary judgment); see also Shaffer v. Foster-Miller, 650 F. Supp. 2d 124, 126–28 (D. Mass. 2009) (similar). The issue presented by this case is whether a Court must find that a claim under § 1132(a)(3) is barred by a claim brought under § 1132(a)(1)(B) at the motion to dismiss stage. The First Circuit has not yet addressed this issue, as LaRocca v. Borden, Inc., 276 F.3d 22 (1st Cir. 2002), is a summary judgment case. See Trovato v.

---

[2] Surcharge, an "exclusively equitable" remedy, refers to a "monetary remedy against a trustee" for a breach of fiduciary duty. CIGNA Corp. v. Amara, 563 U.S. 421, 442 (2011).

6

Prudential Ins. Co. of Am., No. 17-cv-11428-DJC, 2018 WL 813368, at *3 (D. Mass. Feb. 9, 2018). Other circuits that have considered the issue, including the Second, Eighth, and Ninth Circuits, have concluded that "a plaintiff may plead claims under both § 1132(a)(1)(B) and § 1132(a)(3) at the motion to dismiss stage, so long as the plaintiff does not actually recover under both theories." Id. (citing Moyle v. Liberty Mut. Ret. Ben. Plan, 823 F.3d 948, 961 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016); N.Y. State Psychiatric Ass'n v. UnitedHealth Grp., 798 F.3d 125, 134 (2d Cir. 2015); Silva v. Metro. Life Ins. Co., 762 F.3d 711, 726 (8th Cir. 2014)).

Two courts in this district that have faced the issue head-on have come out in different ways. In Cotten, Judge Stearns concluded that plaintiffs could not plead their § 1132(a)(3) claim in the alternative at the motion to dismiss stage and stated that he was "reasonably confident that [the First Circuit] would adhere to its prior position" set forth in LaRocca. See 2018 WL 6416813, at *3. In LaRocca, the First Circuit observed that "federal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]." 276 F.3d at 28. In contrast, in Trovato v. Prudential Insurance Co. of America, No. 17-cv-11428-DJC, 2018 WL 813368 (D. Mass. Feb. 9, 2018), Judge Casper acknowledged the First Circuit's decision in LaRocca, but determined that LaRocca was not dispositive at the motion to dismiss stage. See id. at *3. Looking outside of the First Circuit, Judge Casper reviewed the case law from the Second, Eighth, and Ninth Circuits that held that deciding this issue at the motion to dismiss stage was premature and adopted their approach. Id.

The Court considers the approach espoused in Trovato to be both practical and equitable and will adopt the same analysis here. See 2018 WL 813368, at *3. Further, the Court does not

7

believe that the Trovato approach is at odds with LaRocca, which concerned a case at the summary judgment stage. Accordingly, the Court finds that it cannot determine at the motion to dismiss stage whether Plaintiffs will be able to recover on their claim under § 1132(a)(1)(B) and concludes that it would therefore be premature to dismiss Plaintiffs' claim under § 1132(a)(3) as duplicative.

## IV. CONCLUSION

Accordingly, Defendant's motion to dismiss [ECF No. 60] is <u>DENIED</u>.

**SO ORDERED.**

July 19, 2019

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE