UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENT S., ANGIE S., J.B., R.B., A.F., C.S., H.S., STEVE C., KELLY W., JANE DOE, and M.L., individually and as representatives of the class of similarly situated individuals,

Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., and BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.

Defendants.

D. MASS. CIVIL ACTION
NO. 1:17-cv-11569-ADB

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND AGREEMENT**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and other state and federal laws, with respect to coverage under BCBSMA's health insurance plans.[1] The terms of the Settlement are set out in the Settlement Agreement, fully executed as of November 15, 2022, by counsel on behalf of the Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Plaintiffs' Motion, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Class. Upon reviewing the Settlement Agreement and the matter having come before the Court it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1. **Preliminary Certification of the Settlement Classes.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies for settlement purposes only the following classes ("Classes"):

> "Settlement Payment Class" or "Settlement Payment Subclasses" means all individuals who: (1) were covered by a Class Policy; (2) received services at a Residential Program during the Class Period or for whom BCBSMA received a request for authorization of benefits for the Residential Program during the Class Period; (3) for whom BCBSMA issued a Benefit Denial Letter during the Class Period; and (4) who are included on the Class List to be prepared by BCBSMA. Excluded from the Settlement Payment Class are: (a) any individual and/or the individual's parent or legal guardian that previously entered into an applicable settlement and release of claims with BCBSMA; (b) any individual and/or the individual's parent or legal guardian whose applicable claims previously were dismissed with prejudice; (c) any individual and/or the individual's parent or legal guardian for whom BCBSMA paid or who BCBSMA reimbursed for the full benefits available under the Class Policy for residential services provided by the Residential Program; (d) any individual and/or the individual's parent or legal guardian whose claim(s) or request(s) for authorization was/were denied following an appeal on the sole basis that the Residential Program services in question were not medically necessary; (e) the Court, the Court's immediate family, Court staff; and (f) counsel of record for the Parties and their respective law firms.

> "Injunctive Relief Class" means all individuals: (1) who were covered by a Class Policy during the Class Period; (2) whose claims or requests for authorization for services at a Residential Program during the Class Period were denied during the Class Period, or who did not submit a claim or request for authorization during the Class Period, because the services were not covered under the Class Policy; and (3) who received services at a Residential Program during the Class Period or who declined to receive services at a Residential Program because of BCBSMA's denial or because the services were not covered. Excluded from the Injunctive Relief Class are: (a) any individual that previously entered into an applicable settlement and release of claims with BCBSMA; (b) any individual and/or the individual's parent or legal guardian whose claim(s) or request(s) for authorization was/were denied initially on the sole basis that the Residential Program services in question were

not medically necessary, and the denial was not appealed; (c) any individual and/or the individual's parent or legal guardian whose claim(s) or request(s) for authorization was/were denied following an appeal on the sole basis that the Residential Program services in question were not medically necessary; (d) the Court, the Court's immediate family, and Court staff; and (e) counsel of record for the Parties and their respective law firms.

2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

   (a) as required by FED. R. CIV. P. 23(a)(1), the Classes are ascertainable from records BCBSMA keeps with respect to the Plaintiffs' and the Class Members' requests for coverage under their health insurance plans, and the Classes are so numerous that joinder of all members is impracticable;

   (b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Classes;

   (c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Classes that the Plaintiffs seek to certify;

   (d) as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Classes in that: (i) the interests of the Plaintiffs and the nature of the alleged claims are consistent with those of the Class Members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Class Members;

   (e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Classes would create a risk of: (i) inconsistent or varying adjudications as to individual Class Members that would establish incompatible standards of conduct for the parties opposing the

    claims asserted in this Action; or (ii) adjudications as to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f)   as required by FED. R. CIV. P. 23(b)(2) BCBSMA has acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief is appropriate respecting the Classes as a whole; and

(g)   as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Classes, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Classes.

3.   **Settlement Subclasses.**  Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily and conditionally certifies for settlement purposes only the following subclasses:

  a) Subclass 1: This subclass consists of all Settlement Payment Class Members who are not included in Subclasses 2, 3, 4, or 5 below.

  b) Subclass 2 – Restricted Out-of-Network Coverage Plans Subclass: This subclass is comprised of those Settlement Payment Class Members who were enrolled in a Class Policy that restricted coverage for out-of-network services (e.g., HMO, EPO, Blue Choice NE 1 plans) during any time that services were provided by a

Residential Program or when a request for authorization was submitted to BCBSMA for a Residential Program.

c) Subclass 3 – Failure to Exhaust Subclass: This subclass is comprised of Settlement Payment Class Members who failed to appeal or to appeal timely (pursuant to their plan's terms or any applicable law, unless BCBSMA reviewed and provided a substantive decision on an otherwise untimely appeal based on its merit and substance) BCBSMA's decision not to authorize a request by or reimburse the Settlement Payment Class Member or their Family Unit for services provided by a Residential Program, and whose claim is governed by ERISA. Settlement Payment Class Members who appealed BCBSMA's decision to deny or not authorize outpatient services, but who did not appeal BCBSMA's decision to deny or not authorize residential services, are also included within this subclass.

d) Subclass 4 – Post-July 2019 Letter Subclass: This subclass shall consist of Settlement Payment Class Members to whom BCBSMA issued an initial denial letter on or after July 1, 2019, that provided notice of factors that BCBSMA considered in deciding whether a Residential Program was covered by the Settlement Payment Class Member's plan's terms. Initial denial letters issued post-July 2019 that do not provide notice of factors will be considered for Subclass 1 provided no other subclasses apply.

e) Subclass 5 – Lack of Prior Authorization Subclass: This subclass shall be comprised of those Settlement Payment Class Members: (1) on whose behalf no request for prior authorization, or claim for reimbursement, was submitted to BCBSMA either prior to or within sixty (60) days following admission to the

Residential Program in question; and (2) who were notified in a denial letter, EOB, or appeal denial letter that their claim or request for authorization was denied, at least in part, because they failed to request or obtain prior authorization for the services in question. A member who requested prior authorization, or filed a claim for reimbursement, within 60 days after admission, which request/claim was denied, does not fall within this subclass.  Inquiries to verify benefits generally or obtain other generalized information or concerning any matters that are unrelated to any Settlement Payment Class Released Claims, shall not be considered a request for prior authorization.

4. The Court preliminarily appoints Plaintiffs Brent S., Angie S., J. B., R. B., A. F., C. S., H. S., Steve C., Kelly W., Jane Doe, and M. L. as Class Representatives for the Class.

5. The Court preliminarily appoints the following counsel as Class Counsel for the Classes: (i) Sean K. Collins of the Law Offices of Sean K. Collins, (ii) Mala M. Rafik of Rosenfeld & Rafik, P.C.; (iii) Jonathan M. Feigenbaum of the Law Offices of Jonathan M. Feigenbaum; (iv) Brian S. King of Brian S. King, Attorney at Law; and (v) Ex Kano S. Sams II of Glancy Prongay & Murray LLP.

6. **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate.  This Court preliminarily finds that:

   a) The Settlement was negotiated vigorously and at arm's-length, through five mediation sessions (including two mediation sessions overseen by Magistrate Judge Judith G. Dein and three private mediation sessions overseen by Professor

Eric D. Green), by counsel for Defendants, on the one hand, and the Plaintiffs and Class Counsel on behalf of the Classes, on the other hand;

b) Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

c) If the Settlement had not been achieved, Plaintiffs and the Classes faced the expense, risk, and uncertainty of protracted litigation;

d) The proposed method for providing monetary relief to Settlement Payment Class Members is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Settlement Payments is efficient, relying on Defendants' records and requiring the timely submission of only a modest Claim Form and supporting documentation for Settlement Payment Class Members.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Settlement amount is within the range of settlement values obtained in similar cases;

e) At all times, the Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Classes; and

f) The proposed method of distributing the Settlement Payments is fair, reasonable, and adequate.

7.  **Fairness Hearing** – A hearing is scheduled for April 6, 2023 at 9:15 a.m. to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it;

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Classes for purposes of entering into and implementing the Settlement;

- Whether the proposed method of distributing the Settlement Payments should be granted final approval;

- Whether to approve the payment to the Plaintiffs, as set forth in the Settlement Agreement; and

- Whether the Attorneys' Fees and Costs and Plaintiffs' service awards requested in Class Counsel's related application(s) are fair and reasonable, and should be approved.

8. **Settlement Notice** – The Court approves the form of the Full Settlement Notice attached as Exhibit 8 to the Settlement Agreement and the form of the Summary Settlement Notice attached as Exhibit 7 to the Settlement Agreement (collectively, "Settlement Notice"). The Court finds that such forms of notice fairly and adequately: (a) describe the terms and effects of the Settlement Agreement and the Settlement, including any monetary relief to which a Settlement Payment Class Member may be entitled to pursue; (b) gives notice to the Classes of the time and place of the Fairness Hearing; and (c) describes how the recipients of the Settlement Notice may object to any of the relief requested; and (d) describes how the recipients of the Settlement Notice may request to be excluded from the Settlement. BCBSMA shall pay all costs associated with the

Settlement Administrator, the Website, the Special Master, and disseminating the Summary Settlement Notice.

9. **Settlement Administrator** – The Court hereby approves the appointment of Rust Consulting, Inc. as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

- By no later than January 31, 2023, cause the Summary Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent via U.S. mail to Settlement Payment Class Members on the Class List. Prior to mailing the Summary Settlement Notice, the Settlement Administrator shall update the last known addresses reflected in BCBSMA's records for the Class List by comparing them to the National Change of Address system to ensure individual notice is provided to all reasonably identifiable Settlement Payment Class Members. If any Summary Settlement Notices are returned as undeliverable with forwarding addresses provided, the Settlement Administrator shall re-send Summary Settlement Notices to the forwarding addresses. For any Summary Settlement Notices returned undeliverable without forwarding addresses provided, the Settlement Administrator shall run an address search (skiptrace) against the Lexis-Nexis address database, or comparable database, and re-send Summary Settlement Notices to any updated addresses obtained. The Settlement Administrator shall have no obligation to send out additional notices beyond what is identified in this Paragraph unless agreed upon by the Parties or as directed by the Court.

- By no later than January 31, 2023, cause a copy of the Summary Settlement Notice and Full Settlement Notice to be made available on the website identified in the Settlement Notice, www.BrentSSettlement.com, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- By no later than January 31, 2023, make available a toll-free number that Settlement Payment Class Members can call to request a mailed copy of the Full Settlement Notice.  Settlement Payment Class Members also will be able to call this toll-free number for general information, in English and Spanish, about the Agreement, in the form of both a recorded question and answer and live-answer options.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

10. **Petition for Attorneys' Fees, Litigation Costs and Plaintiffs' Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than March 7, 2023.

11. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than March 7, 2023. Any reply briefs in support of final approval of the Settlement shall be filed no later than March 30, 2023.

12. **Objections to Settlement** – Any Class Member who wishes to object to the Settlement may submit a written notice of objection to be considered by the Court in advance of the Fairness Hearing. If a Class Member wishes to submit a written objection to the Settlement,

the written objection must be submitted by March 2, 2023. If the Summary Settlement Notice is re-mailed, a Settlement Payment Class Member that wishes to submit a written objection to the Settlement Agreement must do so no later than 15 days after the date the Summary Settlement Notice is re-mailed to the Settlement Payment Class Member. An objection to Class Counsel's request for fees, expenses and Plaintiffs' service awards must be submitted at least 15 days prior to the Fairness Hearing. To submit a written objection, a Class Member must deliver by hand or send, by first class mail (postage prepaid) or overnight delivery, a notice of objection to either (a) the Settlement Administrator; or (b) the Court, either by mailing the notice of objection to the Clerk's Office, United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, or by filing the notice of objection in person at any location of the United States District Court for the District of Massachusetts. The notice of objection must: (i) identify the case name and number; (ii) identify the person submitting the objection as a Class Member; (iii) attach copies of materials the Class Member will submit to the Court or present at the Fairness Hearing (if any); (iv) be signed by the Class Member; and (v) clearly state in detail: (1) the legal and factual ground(s) for the objection; (2) the Class Member's name, address, and, if available, telephone number; and (3) if represented by counsel, such counsel's name, address, and telephone number. If a Class Member submits a written objection to the Settlement to the Court or the Settlement Administrator before the Court-approved deadline, they may also attend the Fairness Hearing to present their objections to the Court. They may attend the Fairness Hearing even if they do not file a written objection, but they will only be allowed to speak at the Fairness Hearing if they file a written objection in advance of the hearing, subject to the discretion of the Court.

13. **Opting Out** – Any Settlement Payment Class Member who does not wish to participate in the Settlement Payment Class (i.e., "opt out") must do so in writing, which shall be mailed to the Settlement Administrator. It is not possible to opt out of the Injunctive Relief Class. Such opt out requests must be postmarked no later than 30 days after the date the Summary Settlement Notice is mailed to the Settlement Payment Class Member. However, if the Summary Settlement Notice is re-mailed, such requests must be postmarked no later than 15 days after the date the Summary Settlement Notice is re-mailed. The request must (1) identify the case name and number; (2) be signed by the person seeking to be excluded from the Settlement Payment Class; (3) clearly express the person's desire to be excluded from the Settlement Payment Class; and (4) include the person's name, address, and, if available, telephone number, and, if represented by counsel, counsel's name, address, and telephone number. Any Settlement Payment Class Member who wishes to be excluded from the Settlement Payment Class can only opt out for himself or herself and cannot opt out for any other person or any group of persons (with the exception of Family Unit members acting on behalf of Settlement Payment Class Members), nor can any person within the Settlement Payment Class authorize any other person to opt out on his or her behalf (with the exception of a caregiver or conservator acting on behalf of a Settlement Payment Class Member who requires such assistance, who must provide evidence of their authority to act on behalf of the Settlement Payment Class Member). Any request for exclusion that fails to satisfy these requirements, or that has not been timely postmarked by March 2, 2023, shall be deemed ineffective, and any person included within the Settlement Payment Class who does not properly and timely submit a request for exclusion shall be deemed to have waived all rights to opt out and shall be deemed a Settlement Payment Class Member for all purposes under the Agreement.

14. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than March 30, 2023.

15. **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Plaintiffs and the Class Members are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.  This provision does not apply to any actions any Class Member may have brought against BCBSMA prior to the date of this Order.

16. **Class Action Fairness Act Notice** – The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted along with the request for preliminary approval of the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

17. **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

SO ORDERED this 30th day of November, 2022.

Dated:   November 30, 2022

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE