# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENT S., ANGIE S., J.B., R.B., A.F., C.S., H.S., STEVE C., KELLY W., JANE DOE, and M.L., individually and as representatives of the class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., and BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.<br><br>Defendants. | D. MASS. CIVIL ACTION<br>NO. 1:17-cv-11569-ADB |

## FINAL APPROVAL ORDER AND JUDGMENT

This Action came before the Court for hearing on ___April 11, 2023___ to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying Classes for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing.  Due notice having been given,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Plaintiffs, all Class Members, and Defendants, respectively.

1. The Court has jurisdiction over the subject matter of the Action and over all Parties, including all Class Members.

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rules 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil Procedure. The Classes are defined as follows:

"Settlement Payment Class" or "Settlement Payment Subclasses" means all individuals who: (1) were covered by a Class Policy; (2) received services at a Residential Program during the Class Period or for whom BCBSMA received a request for authorization of benefits for the Residential Program during the Class Period; (3) for whom BCBSMA issued a Benefit Denial Letter during the Class Period; and (4) who are included on the Class List to be prepared by BCBSMA. Excluded from the Settlement Payment Class are: (a) any individual and/or the individual's parent or legal guardian that previously entered into an applicable settlement and release of claims with BCBSMA; (b) any individual and/or the individual's parent or legal guardian whose applicable claims previously were dismissed with prejudice; (c) any individual and/or the individual's parent or legal guardian for whom BCBSMA paid or who BCBSMA reimbursed for the full benefits available under the Class Policy for residential services provided by the Residential Program; (d) any individual and/or the individual's parent or legal guardian whose claim(s) or request(s) for authorization was/were denied following an appeal on the sole basis that the Residential Program services in question were not medically necessary; (e) the Court, the Court's immediate family, Court staff; and (f) counsel of record for the Parties and their respective law firms.

"Injunctive Relief Class" means all individuals: (1) who were covered by a Class Policy during the Class Period; (2) whose claims or requests for authorization for services at a Residential Program during the Class Period were denied during the Class Period, or who did not submit a claim or request for authorization during the Class Period, because the services were not covered under the Class Policy; and (3) who received services at a Residential Program during the Class Period or who declined to receive services at a Residential Program because of BCBSMA's denial or because the services were not covered. Excluded from the Injunctive Relief Class are: (a) any individual that previously entered into an applicable settlement and release of claims with BCBSMA; (b) any individual and/or the individual's parent or legal guardian whose claim(s) or request(s) for authorization was/were denied initially on the sole basis that the Residential Program services in question were not medically necessary, and the denial was not appealed; (c) any individual and/or the individual's parent or legal guardian whose claim(s) or request(s) for authorization was/were denied following an appeal on the sole basis that the Residential Program services in question were not medically necessary; (d) the Court, the Court's immediate family, and Court staff; and (e) counsel of record for the Parties and their respective law firms.

3. The Court finds for the sole purpose of settling and resolving the Action that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Class is ascertainable from records BCBSMA keeps with respect to the Plaintiffs' and Class Members' requests for coverage under their BCBSMA health insurance plans, and the Class is so numerous that joinder of all members is impracticable;

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Class;

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Class that the Plaintiffs seek to certify;

(d) as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of the Plaintiffs and the nature of the alleged claims are consistent with those of the Class Members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Class;

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications as to individual Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f) as required by FED. R. CIV. P. 23(b)(2) BCBSMA has acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief is appropriate respecting the Classes as a whole; and

(g) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Class.

4. **Settlement Subclasses.** For the sole purpose of settling and resolving the Action, the Court certifies the following subclasses:

a) Subclass 1: This subclass consists of all Settlement Payment Class Members who are not included in Subclasses 2, 3, 4, or 5 below.

b) Subclass 2 – Restricted Out-of-Network Coverage Plans Subclass: This subclass is comprised of those Settlement Payment Class Members who were enrolled in a Class Policy that restricted coverage for out-of-network services (e.g., HMO, EPO, Blue Choice NE 1 plans) during any time that services were provided by a Residential Program or when a request for authorization was submitted to BCBSMA for a Residential Program.

c) Subclass 3 – Failure to Exhaust Subclass: This subclass is comprised of Settlement Payment Class Members who failed to appeal or to appeal timely (pursuant to their plan's terms or any applicable law, unless BCBSMA reviewed and provided a substantive decision on an otherwise untimely appeal based on its merit and substance) BCBSMA's decision not to authorize a request by or reimburse the Settlement Payment Class Member or their Family Unit for services provided by a Residential Program, and whose claim is governed by ERISA. Settlement Payment Class Members who appealed BCBSMA's decision to deny or not authorize outpatient services, but who did not appeal BCBSMA's decision to deny or not authorize residential services, are also included within this subclass.

d) Subclass 4 – Post-July 2019 Letter Subclass: This subclass shall consist of Settlement Payment Class Members to whom BCBSMA issued an initial denial letter on or after July 1, 2019, that provided notice of factors that BCBSMA considered in deciding whether a Residential Program was covered by the Settlement Payment Class Member's plan's terms. Initial denial letters issued post-July 2019 that do not provide notice of factors will be considered for Subclass 1 provided no other subclasses apply.

e) Subclass 5 – Lack of Prior Authorization Subclass: This subclass shall be comprised of those Settlement Payment Class Members: (1) on whose behalf no request for prior authorization, or claim for reimbursement, was submitted to BCBSMA either prior to or within sixty (60) days following admission to the Residential Program in question; and (2) who were notified in a denial letter, EOB, or appeal denial letter that their claim or request for authorization was denied, at least in part, because they failed to request or obtain prior authorization for the services in question. A member who requested prior authorization, or filed a claim for reimbursement, within 60 days after admission, which request/claim was denied, does not fall within this subclass. Inquiries to verify benefits generally or obtain other generalized information or concerning any matters that are unrelated to any Settlement Payment Class Released Claims, shall not be considered a request for prior authorization..

5. The Court hereby appoints Plaintiffs Brent S., Angie S., J. B., R. B., A. F., C. S., H. S., Steve C., Kelly W., Jane Doe, and M. L. as Class Representatives for the Class.

6. The Court hereby appoints the following counsel as Class Counsel for the Class: (i) Sean K. Collins of the Law Offices of Sean K. Collins, (ii) Mala M. Rafik of Rosenfeld & Rafik, P.C.; (iii) Jonathan M. Feigenbaum of the Law Offices of Jonathan M. Feigenbaum; (iv) Brian S.

King of Brian S. King, Attorney at Law; and (v) Ex Kano S. Sams II of Glancy Prongay & Murray LLP.

7. The Court hereby finds that the Class has received proper and adequate notice of the Settlement, Claim Form, and the Fairness Hearing, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Payment Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

8. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

9. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate:

 (a) The Settlement was negotiated vigorously and at arm's-length, through five mediation sessions (including two mediation sessions overseen by Magistrate Judge Judith G. Dein and three private mediation sessions overseen by Professor Eric D. Green), by Defense Counsel, on the one hand, and the Plaintiffs and Class Counsel on behalf of the Class, on the other hand;

 (b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and the Class faced the expense, risk, and uncertainty of extended litigation;

(d) The proposed method for providing monetary relief to Settlement Payment Class Members is finally approved as fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Payments is efficient and requires the timely submission of only a modest Claim Form and supporting documentation for Settlement Payment Class Members. The Settlement Administrator shall distribute the Settlement Payment to the Settlement Payment Class Members in accordance with the Settlement Agreement.

(e) The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Settlement amount is within the range of settlement values obtained in similar cases;

(f) At all times, the Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Class; and

(g) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

10. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

11. The releases and covenants not to sue set forth in the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Settlement Effective Date.

12. As of the Settlement Effective Date, the Settlement Payment Class Releasors hereby release the Released Parties of and from any and all of the Settlement Payment Class Released Claims. The Settlement Payment Class Releasors and each of them agree and covenant not to sue or prosecute, institute, or cooperate in the institution, commencement, filing, or prosecution of any suit against any Released Parties on the basis of any Settlement Payment Class Released Claims, except for claims to enforce the Settlement Agreement.

13. As of the Settlement Effective Date, the Injunctive Relief Class Releasors hereby release BCBSMA, Inc. and BCBSMA HMO Blue of and from any and all of the Injunctive Relief Class Released Claims. The Injunctive Relief Class Releasors and each of them agree and covenant not to sue or prosecute, institute, or cooperate in the institution, commencement, filing, or prosecution of any suit against BCBSMA, Inc. and BCBSMA HMO Blue on the basis of any Injunctive Relief Class Released Claims. This release is limited to the release of claims for injunctive relief only as detailed in the Settlement Agreement.

14. The Plaintiffs and Class Members have entered a complete release and settlement of all Settlement Payment Class Released Claims and/or Injunctive Relief Class Released Claims that the Plaintiffs and Class Members now have or have had in the past. In furtherance of this intention, which may be asserted by and between the Parties hereto and/or their successors, heirs, and/or assigns, Plaintiffs and Class Members expressly, knowingly, and voluntarily waive any and all rights and/or benefits conferred upon the Releasors by California Civil Code Section 1542, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE**

**AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Plaintiffs and Class Members, with respect to the Settlement Payment Class Released Claims and/or Injunctive Relief Class Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

15. The Plaintiffs and the Settlement Payment Class Members, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Settlement Payment Class Released Claims.

16. The Plaintiffs and the Injunctive Relief Class Members, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Injunctive Relief Class Released Claims.

17. Each Class Member hereby releases the Released Parties, the Settlement Administrator, the Special Master, counsel for Defendants, Plaintiffs and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the disbursement of the Settlement Payments and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

18. The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Parties and Released Parties other than as provided for in the Settlement Agreement.

19. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Full Settlement Notice, Summary Settlement Notice, Claim Form, this Final Approval Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and service awards to the Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

20. Any motion to enforce this Final Approval Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

21. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and this Action, along with the related *Steve C. et. al. v. Blue Cross and Blue Shield of Massachusetts, Inc. et. al*. (NO. 1:18-cv-12278-ADB) action, shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

22. With respect to any matters that arise concerning the distribution of Settlement Payments to Settlement Payment Class Members who properly and timely submit Claim Forms, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator and/or Special Master, in accordance with applicable law and the governing terms of the plans.

23. Upon entry of this Order, all Parties and Class Members shall be bound by the Settlement Agreement and this Final Approval Order and Judgment.

SO ORDERED this <u>11th</u> day of <u>  April  </u>, 202<u>3</u>.

Dated: <u>  April 11, 2023  </u>

By: <u>   /s/ Allison D. Burroughs   </u>
Hon. Allison D. Burroughs
U.S. District Judge